|   |   |
|---|---|
| TOM VICKERY, | No. C 05-1277 SI (pr) |
| Plaintiff, | **ORDER OF DISMISSAL** |
| v. |   |
| C/O WILSON; et al., |   |
| Defendants. |   |

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

### INTRODUCTION

Tom Vickery, a prisoner in custody at the Salinas Valley State Prison in Soledad, California, filed a pro se civil rights complaint under 42 U.S.C. § 1983. The complaint is now before the court for review pursuant to 28 U.S.C. § 1915A.

### BACKGROUND

In his complaint, Vickery complains of four different incidents that happened in February and March 2005 at the Salinas Valley State Prison. The complaint also alleges that Vickery did not pursue his inmate grievance to the highest level of appeal. See Complaint, p. 2. He states that his inmate appeal was filed at the first formal level on February 18, 2005 and he attaches to his complaint an Inmate Appeal Assignment Notice dated February 18, 2005 notifying him that his appeal has been sent to staff for a first level appeal response.

## DISCUSSION

A federal court must engage in a preliminary screening of any case in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity. See 28 U.S.C. § 1915A(a). In its review the court must identify any cognizable claims, and dismiss any claims which are frivolous, malicious, fail to state a claim upon which relief may be granted, or seek monetary relief from a defendant who is immune from such relief. See id. at 1915A(b)(1),(2). Pro se pleadings must be liberally construed. See Balistreri v. Pacifica Police Dep't, 901 F.2d 696, 699 (9th Cir. 1990).

To state a claim under 42 U.S.C. § 1983, a plaintiff must allege two elements: (1) that a right secured by the Constitution or laws of the United States was violated and (2) that the violation was committed by a person acting under the color of state law. See West v. Atkins, 487 U.S. 42, 48 (1988).

"No action shall be brought with respect to prison conditions under [42 U.S.C. § 1983], or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted." 42 U.S.C. § 1997e(a). The State of California provides its prisoners and parolees the right to appeal administratively "any departmental decision, action, condition or policy perceived by those individuals as adversely affecting their welfare." See Cal. Code Regs. tit. 15, § 3084.1(a). In order to exhaust available administrative remedies within this system, a prisoner must proceed through several levels of appeal: (1) informal resolution, (2) formal written appeal on a CDC 602 inmate appeal form, (3) second level appeal to the institution head or designee, and (4) third level appeal to the Director of the California Department of Corrections. See id. § 3084.5; Barry v. Ratelle, 985 F. Supp. 1235, 1237 (S.D. Cal. 1997). A final decision from the Director's level of review satisfies the exhaustion requirement under § 1997e(a). See id. at 1237-38.

The complaint must be dismissed because Vickery alleges that he has not pursued his inmate grievance to the highest level of review possible and the facts alleged in the complaint unquestionably show that administrative remedies were not exhausted for the claims in the

complaint. Vickery alleges that his inmate appeal was sent to the first level of review on February 18, 2005 -- an allegation supported by the exhibit attached to the complaint. See Complaint, p. 2 and unnumbered exhibit. He further alleges that this was not the highest level of appeal available to him. Complaint, p. 2. In the place in the form complaint that inquires why the inmate did not present the claim for review through the grievance procedure, Vickery wrote that he was threatened and hit by guards. Id. That allegation appears to be a reiteration of the substance of several of his claims, i.e., that he was hit and threatened. The facts giving rise to at least one of the claims – that guards failed to protect him from an assaultive cellmate (i.e., incident # 4) -- occurred on March 7, 2005, more than two weeks after Vickery filed his inmate appeal. His inmate appeal filed at the first level on February 18 could not possibly have exhausted his administrative remedies as to events occurring thereafter. Although exhaustion of administrative remedies is an affirmative defense, "[a] prisoner's concession to nonexhaustion is a valid ground for dismissal, so long as no exception to exhaustion applies." Wyatt v. Terhune, 315 F.3d 1108, 1120 (9th Cir. 2003). That is the case here: Vickery specifically alleges that he did not finish his appeal to the highest level of administrative appeal available to him before filing this action. Some relief is available in the California prison administrative grievance system. Vickery therefore must exhaust his administrative remedies before he may file a civil rights action in federal court.

## CONCLUSION

For the foregoing reasons, this action is dismissed. This dismissal is without prejudice to Vickery filing a new action after he exhausts his administrative remedies for all the claims he presents in a civil rights complaint. The in forma pauperis application is DENIED. (Docket # 2.).

IT IS SO ORDERED.

Dated: July __13_, 2005

_____
SUSAN ILLSTON
United States District Judge

United States District Court
For the Northern District of California

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

TOM VICKERY,

    Plaintiff,

v.

C/O WILSON; et al.,

    Defendants.
                               /

No. C 05-1277 SI (pr)

**ORDER OF DISMISSAL**

### INTRODUCTION

Tom Vickery, a prisoner in custody at the Salinas Valley State Prison in Soledad, California, filed a pro se civil rights complaint under 42 U.S.C. § 1983. The complaint is now before the court for review pursuant to 28 U.S.C. § 1915A.

### BACKGROUND

In his complaint, Vickery complains of four different incidents that happened in February and March 2005 at the Salinas Valley State Prison. The complaint also alleges that Vickery did not pursue his inmate grievance to the highest level of appeal. See Complaint, p. 2. He states that his inmate appeal was filed at the first formal level on February 18, 2005 and he attaches to his complaint an Inmate Appeal Assignment Notice dated February 18, 2005 notifying him that his appeal has been sent to staff for a first level appeal response.

**DISCUSSION**

A federal court must engage in a preliminary screening of any case in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity. See 28 U.S.C. § 1915A(a). In its review the court must identify any cognizable claims, and dismiss any claims which are frivolous, malicious, fail to state a claim upon which relief may be granted, or seek monetary relief from a defendant who is immune from such relief. See id. at 1915A(b)(1),(2). Pro se pleadings must be liberally construed. See Balistreri v. Pacifica Police Dep't, 901 F.2d 696, 699 (9th Cir. 1990).

To state a claim under 42 U.S.C. § 1983, a plaintiff must allege two elements: (1) that a right secured by the Constitution or laws of the United States was violated and (2) that the violation was committed by a person acting under the color of state law. See West v. Atkins, 487 U.S. 42, 48 (1988).

"No action shall be brought with respect to prison conditions under [42 U.S.C. § 1983], or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted." 42 U.S.C. § 1997e(a). The State of California provides its prisoners and parolees the right to appeal administratively "any departmental decision, action, condition or policy perceived by those individuals as adversely affecting their welfare." See Cal. Code Regs. tit. 15, § 3084.1(a). In order to exhaust available administrative remedies within this system, a prisoner must proceed through several levels of appeal: (1) informal resolution, (2) formal written appeal on a CDC 602 inmate appeal form, (3) second level appeal to the institution head or designee, and (4) third level appeal to the Director of the California Department of Corrections. See id. § 3084.5; Barry v. Ratelle, 985 F. Supp. 1235, 1237 (S.D. Cal. 1997). A final decision from the Director's level of review satisfies the exhaustion requirement under § 1997e(a). See id. at 1237-38.

The complaint must be dismissed because Vickery alleges that he has not pursued his inmate grievance to the highest level of review possible and the facts alleged in the complaint unquestionably show that administrative remedies were not exhausted for the claims in the

2

complaint. Vickery alleges that his inmate appeal was sent to the first level of review on February 18, 2005 -- an allegation supported by the exhibit attached to the complaint. See Complaint, p. 2 and unnumbered exhibit. He further alleges that this was not the highest level of appeal available to him. Complaint, p. 2. In the place in the form complaint that inquires why the inmate did not present the claim for review through the grievance procedure, Vickery wrote that he was threatened and hit by guards. Id. That allegation appears to be a reiteration of the substance of several of his claims, i.e., that he was hit and threatened. The facts giving rise to at least one of the claims – that guards failed to protect him from an assaultive cellmate (i.e., incident # 4) -- occurred on March 7, 2005, more than two weeks after Vickery filed his inmate appeal. His inmate appeal filed at the first level on February 18 could not possibly have exhausted his administrative remedies as to events occurring thereafter. Although exhaustion of administrative remedies is an affirmative defense, "[a] prisoner's concession to nonexhaustion is a valid ground for dismissal, so long as no exception to exhaustion applies." Wyatt v. Terhune, 315 F.3d 1108, 1120 (9th Cir. 2003). That is the case here: Vickery specifically alleges that he did not finish his appeal to the highest level of administrative appeal available to him before filing this action. Some relief is available in the California prison administrative grievance system. Vickery therefore must exhaust his administrative remedies before he may file a civil rights action in federal court.

## CONCLUSION

For the foregoing reasons, this action is dismissed. This dismissal is without prejudice to Vickery filing a new action after he exhausts his administrative remedies for all the claims he presents in a civil rights complaint. The in forma pauperis application is DENIED. (Docket # 2.).

IT IS SO ORDERED.

Dated: July __13_, 2005

_____
SUSAN ILLSTON
United States District Judge

3